R. DOUGLAS LEMMERMAN, GUARDIAN AD LITEM FOR JONATHAN SHANE TUCKER, A MINOR, AND SYLVIA A. TUCKER v. A. T. WILLIAMS OIL COMPANY

No. 8521SC247

(Filed 4 March 1986)

**Master and Servant § 54— minor as casual employee—Industrial Commission exclusive jurisdiction—evidence sufficient**

　　The trial court's findings and conclusion that Shane Tucker was defendant's casual employee and that the Industrial Commission had exclusive jurisdiction over his claim were supported by the evidence where Shane Tucker was eight years old; his mother worked at defendant's store and service station; Shane stayed at the store after school; he did his school lessons some afternoons and some afternoons performed tasks such as carrying out the garbage and stocking machines; he was paid a dollar or so on the afternoons he worked; and he slipped and fell one afternoon as he was going to find defendant's manager to see if there was anything else to do. N.C.G.S. 97-1, *et seq.*, N.C.G.S. 97-2(2).

　　Judge WEBB dissenting.

APPEAL by plaintiffs from *DeRamus, Judge.* Order entered 18 January 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 October 1985.

Plaintiffs sued for damages resulting from an injury sustained by Jonathan Shane Tucker on the premises of defendant's convenience store and service station. At the time involved he was eight years old and his mother, the plaintiff Sylvia A. Tucker, was working for defendant as a part time cashier. Defendant denied plaintiffs' allegations of negligence and asserted as an affirmative defense that the child was its employee under the Workers' Compensation Act and that the Industrial Commission therefore had exclusive jurisdiction over the claim. By agreement of the parties, the jurisdictional issue was heard by Judge DeRamus, who found and concluded that the boy was defendant's casual employee; that the accident happened in the course and scope of his employment; and that the North Carolina Industrial Commission had exclusive jurisdiction of the claim under the Workers' Compensation Act.

In pertinent part, the evidence on the question presented tended to show that: Ken Schneiderman was employed to manage defendant's store and service station; he received a commission on all sales made and, in effect, paid employees that he hired from his commission; he hired and fired employees as he saw fit. Sylvia Tucker, a cashier, was hired to work during the afternoons and she took the job on condition that Shane be permitted to stay there after he got out of school. Some afternoons the boy studied his school lessons and some afternoons, at Schneiderman's request and under his direction, he did tasks about the place such as carry out the garbage, pick up trash and restock the cigarette, candy, and soft drink machines. Each afternoon that the boy did such tasks Schneiderman paid him a dollar or so. On the afternoon involved he had done some work and was on his way to the stockroom looking for Mr. Schneiderman to find out if he wanted him to do anything else when he slipped and fell on a place that was always greasy and slick.

*Pettyjohn, Molitoris & Connolly, by Theodore M. Molitoris, for plaintiff appellants.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by R. Thompson Wright, for defendant appellee.*

PHILLIPS, Judge.

The court's findings that defendant, as an employer, is subject to the North Carolina Workers' Compensation Act, G.S. 97-1, *et seq.*, and that plaintiff was accidentally injured on its premises are not contested. A requisite of the Industrial Commission's jurisdiction of a worker's compensation claim is that, of course, an employer-employee relationship existed, *Lucas v. Li'l General Stores*, 289 N.C. 212, 221 S.E. 2d 257 (1976), and the only question for decision is whether the court's finding and conclusion that the child was defendant's employee when the accident occurred was validly made. If so, the further findings and conclusions that the injury occurred during the course and scope of his employment, that the claim is governed by the Workers' Compensation Act and that the court has no jurisdiction to hear it, also contested by plaintiffs, inevitably follow since the evidence shows that he was injured while about the defendant's business. Since the parties waived a jury trial on this issue the court was the finder of fact and its findings, if supported by any competent evidence, are conclusive. *Davison v. Duke University*, 282 N.C. 676, 712, 194 S.E. 2d 761, 783, 57 A.L.R. 3d 1008, 1038 (1973).

The findings that the boy was a casual employee of defendant, who had hired him to perform odd jobs on the premises and paid him varying amounts therefor are abundantly supported by competent evidence. In his deposition, Shane Tucker testified as follows:

> Ken [Schneiderman] let me help him put cigarettes up on the shelves to sell and things like that. As to the kind of things I did, well, I'd take out the garbage, and I'd pick up paper in the store and throw it in the garbage. And then I'd stock cigarettes and drinks. I did that pretty much every day that I was there, but not all the time. Usually, he had already done it. Stock the cigarettes and everything. I came to the store almost every day after school while my mom was working there. Ken would give me some money for helping do these things. He gave me the same amount of money all the time. He gave me a dollar. Sometimes he would give me about two or three, depending on how much work I had done. No one other than Ken ever gave me money there. . . .

Lemmerman v. A. T. Williams Oil Co.

Sylvia Tucker's testimony was somewhat to the same effect. Plaintiffs' argument that the court's findings are against the greater weight of the evidence and that the evidence more strongly indicates that the boy was not an employee, casual or otherwise, and the payments made were gratuities for services voluntarily rendered, while appealing, is irrelevant. Under our law the test in circumstances like this is not what the greater weight of the evidence shows; the test is whether the facts found by the authorized finder are supported by competent evidence, *Davison v. Duke University, supra*, and it matters not that other facts could have been found just as easily.

Nor did the court misapply the law in concluding that the child was a casual employee under the Workers' Compensation Act. G.S. 97-2(2) defines the word "employee" in part as follows:

[E]very person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also minors, whether lawfully or unlawfully employed, but excluding persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer, . . .

Though the statute does not define casual employment an eminent authority in this field has said "[e]mployment is 'casual' when it is irregular, unpredictable, sporadic and brief in nature." 1C A. Larson, Workmen's Compensation Law Sec. 51.00 (1982). Under the facts found, it seems plain that the child's employment was at least casual. It is also plain that his employment is not excluded by the statute, since the work that he did was required in the operation of defendant's business. And that the child was too young to be *lawfully* employed is irrelevant, as the statute plainly states.

Affirmed.

Judge JOHNSON concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I do not believe the evidence will support a finding that Jonathan Shane Tucker was an employee of the defendant.